IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ABEL RODRIGUEZ,

        Petitioner,               No. CIV S-99-2252 DFL DAD P

   vs.

CHERYL PLILER,

        Respondent.        <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On November 24, 2003, judgment was entered in this court denying the petition.  On March 29, 2006, petitioner filed a notice of appeal.  Before petitioner can appeal this decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c); Fed. R .App. P. 22(b).  Federal Rule of Appellate Procedure 22(b) requires the district court judge who rendered a judgment denying such petition to "either issue a certificate of probable cause or state the reasons why such a certificate should not issue."

        The timely filing of a notice of appeal is a jurisdictional requirement.  <u>Scott v. Younger</u>, 739 F.2d 1464, 1466 (9th Cir. 1984).  Here, the time limit for filing a notice of appeal following entry of judgment is thirty days.  <u>See</u> Fed. R. App. P. 4(a).  Petitioner's notice of appeal in this action was filed more than thirty days after entry of judgment.

1

1    The United States Court of Appeals for the Ninth Circuit has held that the

2  issuance of a certificate of probable cause cannot vest the court of appeals with jurisdiction if

3  jurisdiction is not proper in that court.  <u>Hayward v. Britt</u>, 572 F.2d 1324, 1325 (9th Cir. 1978).

4  The rationale of <u>Hayward</u> applies with equal force to a certificate of appealability.  For these

5  reasons, the court declines to issue a certificate of appealability.

6    IT IS SO ORDERED.

7  DATED:   July 5, 2006

8

9                                   /s/ David F. Levi
                                    UNITED STATES DISTRICT JUDGE
10  /rodr2252.coa

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26